UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| THE GEO GROUP, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. _____ |
| ) | |
| SPRINT SPECTRUM, LP, and ) | |
| T-MOBILE USA, INC., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS SPRINT SPECTRUM, L.P. AND T-MOBILE USA, INC.'S JOINT NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendants Sprint Spectrum, L.P. ("Sprint) and T-Mobile USA, Inc. ("T-Mobile" and together with Sprint, "Defendants") hereby remove this case from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida to the United States District Court for the Southern District of Florida. As grounds for this removal, Sprint and T-Mobile respectfully show the Court as follows:

1. Plaintiff The GEO Group, Inc. ("Plaintiff") filed this case against Defendants in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the "State Court Action").[1]

2. Plaintiff's Complaint asserts a single claim for declaratory judgment. This case is properly removable because federal question jurisdiction exists under 28 U.S.C. § 1331 and diversity jurisdiction exists under 28 U.S.C. § 1332.

---

[1] On September 3, 2014, and September 10, 2014, respectively, Plaintiff voluntarily dismissed its claims against Defendants AT&T Corp. and Verizon Wireless Services, LLC.

## I.   FEDERAL QUESTION JURISDICTION EXISTS

3. Plaintiff is a private company that "manages and operates prison facilities in the United States and around the world." Compl. ¶ 9. According to Plaintiff, in the United States alone, it "houses approximately 61,000 inmates in fifty-six facilities." *Id.*

4. Plaintiff's Complaint arises out of its attempt to curtail the alleged unauthorized use of wireless devices inside prison facilities. Plaintiff raised this issue with the Federal Communications Commission ("FCC").

5. As set forth in the Complaint, Plaintiff put this issue before the FCC in 2007 when it filed a Petition for Forbearance, asking the FCC not to enforce a restriction on "jamming" wireless signals when they were found to emanate from unauthorized wireless devices within prison facilities. *See id.* ¶ 14; Ex. A (Petition). Plaintiff discusses this Petition at length in the Complaint and attaches it as an exhibit. *Id.*

6. Central to Plaintiff's declaratory judgment claim is a Notice of Proposed Rulemaking ("NPRM") that the FCC issued on April 29, 2013, in response to Plaintiff's Petition and similar requests submitted by several other companies. *See id.* ¶ 17; Ex. B (NPRM). Plaintiff alleges that: "The NPRM proposed to amend federal regulations to empower correctional facilities to undertake a number of actions to combat illegal phone use, including detection and interference. The NPRM would also require wireless carriers to suspend service of an unauthorized phone upon notification by a facility." *Id.* There has never been any final ruling from the FCC with respect to Plaintiff's Petition. *See* PETITION OF THE GEO GROUP, INC. FOR FORBEARANCE FROM APPLICATION OF SECTIONS 302, 303 AND 333 OF THE COMMUNICATIONS ACT OF 1934, AS AMENDED, AND SECTIONS 2.803 AND 2.807 OF THE COMMISSION'S RULES TO ALLOW STATE AND LOCAL CORRECTIONAL AUTHORITIES TO PREVENT USE OF COMMERCIAL

MOBILE RADIO SERVICES AT CORRECTIONAL FACILITIES, *Petition for Forbearance*, ET Docket No. 08-73 (filed July 31, 2007). Nevertheless, Plaintiff interprets the (non-final) NPRM as granting Plaintiff the relief it requested from the FCC. *See, e.g.*, Compl. ¶ 18. This interpretation is foreclosed by the plain text of the NPRM, which plainly states that the FCC is "seek[ing] comment on the elements of the proposed notification and termination process, including who should be authorized to transmit a termination notification to the wireless provider, the form of such termination notice, and any safeguards necessary to ensure that service to legitimate wireless devices is not inadvertently terminated." Compl. Ex. B (NPRM) ¶ 3.

7.  Plaintiff's Complaint asks the State Court to "[d]eclare that GEO and [Defendants] will not violate FCC provisions on the interdiction or detection of wireless signals if they terminate the accounts of phone [sic] illegally possessed in the South Bay Facility." Compl. ¶ 27(b). Plaintiff ultimately seeks to have the State Court declare that it is entitled to demand that Defendants terminate service to accounts that Plaintiff unilaterally identifies as being associated with cellular devices wrongfully held or used by inmates. *See, e.g., id.* ¶¶ 19, 27(a).

### A. Plaintiff's Claim "Arises Under" Federal Law

8.  Federal question jurisdiction exists where a complaint establishes "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 27-28 (1983). Here, Plaintiff's request for declaratory judgment will unquestionably require resolution of a substantial question of federal law – specifically, whether Plaintiff and Defendants will "violate FCC provisions on the interdiction or detection of wireless

3

signals if they terminate the accounts of phone illegally possessed in the South Bay Facility." *See* Compl. ¶ 27(b). This substantial question of federal law is actually disputed, *compare, e.g.*, *supra* ¶ 6 & *infra* ¶ 13 (noting that NPRM does not have the force of law) *with* Compl. ¶¶ 14-19 & 27, and a federal court exercising jurisdiction over this case would not disturb the balance of federal and state responsibilities because the technical aspects of radio communications, including "the interdiction or detection of wireless signals," are exclusively within federal control. *See Head v. New Mexico Bd. of Examiners in Optometry*, 374 U.S. 424, 431 n6 (1963) ("[FCC] jurisdiction over technical matters . . . is clearly exclusive.").

9. Accordingly, Plaintiff's claim arises under federal law and removal is proper. *See, e.g., Ayres v. Gen. Motors Corp.*, 234 F.3d 514, 518 (11th Cir. 2000) (federal question jurisdiction applies where adjudicating a plaintiff's claim "involves resolution of a substantial, disputed question of federal law").

### B. The Communications Act Preempts Plaintiff's Claim

10. Federal question jurisdiction also exists because the Communications Act of 1934, 47 U.S.C. § 151 *et seq.* ("Communications Act"), completely preempts Plaintiff's claim. The Communications Act creates "a comprehensive scheme for the regulation of interstate communications." *Benati v. United States*, 355 U.S. 96, 104 (1957). "Though the [Communications Act] does not completely preempt state-law claims concerning *all* of its subject matter, it is clear that when a state-law claim falls within a *field* covered by the [Communications Act], where 'the scheme of federal regulation is so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it,' then 'field preemption' exists." *Howington v. Spectrasite Commc'ns, Inc.*, No. 05-658, 2006 WL 335580, at *2 (S.D. Ala. Feb. 13, 2006) (quoting *Freeman v. Burlington Broadcasters, Inc.*, 204 F.3d

4

311, 320 (2d. Cir. 2000)). The Supreme Court has recognized that federal control of technical matters associated with the transmission of radio signals under the Communications Act "is clearly exclusive." *Head*, 374 U.S. 424 at 429-30 (citing 47 U.S.C. § 301); *see also* Compl. Ex. B (NPRM) ¶ 60 (in which the FCC identifies 47 U.S.C. §§ 154(i) & 303 as granting it discretionary authority to require carriers to terminate accounts associated with contraband devices).

11.  Plaintiff asks the State Court to "[d]eclare that, under Florida law, GEO may demand that [Defendants] terminate the accounts related to specifically identified phones illegally possessed and used within the South Bay Facility," and "that [Defendants] have an obligation to terminate the accounts of illegally possessed phones in the South Bay Facility pursuant to Section 944.47, Florida Statutes." Compl. ¶ 27(a) & (c). Plaintiff's proposed interpretation of Florida state law is wholly inconsistent with the federal scheme created by the Communications Act and therefore, would be preempted. In addition, the statute upon which Plaintiff relies for its requested relief – Fla. Stat. § 944.47 – is patently inapplicable to the issues that Plaintiff seeks to have adjudicated. This criminal statute makes it a felony offense for any person "to introduce into or upon the grounds of any state correctional institution, or to take or attempt to take or send or attempt to send therefrom, . . . [a]ny cellular telephone or other portable communication device." Compl. ¶ 12 (citing Fla. Stat. § 944.47(1)(a)(6)). On its face, this statute does not even apply to Defendants, much less provide a basis for Plaintiff's requested declaratory relief.

12.  The FCC's authority to regulate in this area "was intended to be exclusive and to preempt local regulation." *Freeman v. Burlington Broadcasters, Inc.*, 204 F.3d 311, 320-21 (2d. Cir. 2000) (FCC's authority over technical matters related to radio signals preempted state

5

regulation); *see also Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 997-98 (6th Cir. 1994) (Communications Act promotes "exclusive FCC jurisdiction over radio signal interference"). To the extent that Florida law – specifically, Fla. Stat. § 944.47 – was interpreted to allow Plaintiff to determine in its sole discretion which numbers are used in violation and to require Defendants to terminate accounts or to authorize Plaintiff to demand such termination in its sole discretion, that law would impermissibly encroach on the FCC's exclusive authority to regulate the technical aspects of the transmission of radio signals.

13.     Plaintiff's interpretation of Fla. Stat. § 944.47 also unavoidably conflicts with existing FCC rules and regulations promulgated pursuant to the FCC's exclusive authority to regulate technical aspects of the transmission of radio signals. Current provisions of the Communications Act and FCC regulations prohibit Plaintiff's and Defendants interference with or detection of wireless signals absent specific FCC action or approval. *See, e.g.*, 47 U.S.C. §§ 302(a) & 333; 47 C.F.R. § 2.803. In addition, the Communications Act expressly states: "No State or local statute or regulation, or other State or local legal requirement, may prohibit or have the effect of prohibiting the ability of any entity to provide any interstate or intrastate telecommunications service." 47 U.S.C. § 253(a).

14.     Although the FCC has issued a NPRM that, *inter alia*, proposes to require cellular carriers to terminate service to contraband wireless devices possessed or used in state correctional facilities, *see, e.g.*, Compl. Ex. B (NPRM) ¶ 3, the FCC has not taken final agency action in this rule-making process and the NPRM does not have the force of law. *See* 47 C.F.R. §§ 1.412, 1.425 & 1.427. Accordingly, Plaintiff's (tortured) claim for declaratory relief under Fla. Stat. § 944.47 is preempted. *See* 47 U.S.C. § 253(d) ("If, after notice and opportunity for public comment, the Commission determines that a State or local government has permitted or

imposed any statute, regulation, or legal requirement that violates subsection (a) . . . , the Commission shall preempt the enforcement of such statute, regulation, or legal requirement to the extent necessary to correct such violation or inconsistency."). Where federal law preempts state law, federal courts have original subject matter jurisdiction. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987).

15. Accordingly, this Court has federal question jurisdiction of this action under 28 U.S.C. § 1331.

## II.   DIVERSITY JURISDICTION EXISTS

16. This Court also has jurisdiction over this action because the Complaint is removable pursuant to 28 U.S.C. § 1332. Plaintiff is a Florida corporation with its principle place of business in Boca Raton, Florida. Compl. ¶ 2. Sprint is a Delaware corporation with its principal business address at 6500 Sprint Parkway, Overland Park, Kansas 66251. *Id.* ¶ 3. T-Mobile is a Delaware corporation with its principal business address at 12920 S.E. 38th Street, Bellevue, Washington 98006. *Id.* ¶ 5. Therefore, complete diversity exists between the parties.

17. Plaintiff's claims and its requests for relief create an amount in controversy exceeding $75,000, the minimum jurisdictional requirement for diversity jurisdiction.

18. When a plaintiff seeks only declaratory relief, courts calculate the amount in controversy by assessing the value of the object of the litigation that would flow to the plaintiff if the requested relief were granted. *See, e.g., Serguos Commercial Am. v. Hall*, 115 F. Supp. 2d 1371, 1376 (M.D. Fla. 2000). Plaintiff seeks declaratory relief aimed at preventing communications that it alleges "present a danger to law enforcement, GEO personnel, and the general public." Compl. ¶ 13. In other words, Plaintiff has filed this action, at least in part, to prevent the risk posed to human life (including the life of its own personnel) by prisoners'

alleged cellular phone use. *See, e.g.*, Compl. Ex. B (NPRM) ¶ 3 ("Prisoners' use of contraband wireless devices to engage in criminal activity is a serious threat to the safety of prison employees, other prisoners, and the general public."). Preventing against the loss of human life "possesses a value beyond measure." *Roe v. Michelin N.A., Inc.*, 613 F.3d 1058, 1065 (11th Cir. 2010) (finding that claims under Alabama's Wrongful Death Act that included claims for wrongful death and the value of preventing further death "more likely than not exceeds the minimum jurisdictional requirement"); *see also, e.g., La Rocca v. Stahlheber*, 676 F. Supp. 2d 1347 (S.D. Fla. 2009) (calculating that the value of human life exceeded the amount in controversy requirement). Where, like here, the benefit that flows to the plaintiff includes the benefit of preserving human life, the jurisdictional amount in controversy is satisfied.

19.    For the foregoing reasons, this Court also has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 1332.

### III.   SUPPLEMENTAL JURISDICTION EXISTS

20.    As noted above, Plaintiff's claim for a declaratory judgment that Fla. Stat. § 944.47 requires wireless carriers to "terminate accounts related to specifically identified phones illegally possessed and used," Compl. ¶ 27(c), requires interpretation and application of a Florida state statute that is patently inapplicable and preempted by federal law. For this reason, federal subject matter jurisdiction exists even over Plaintiff's request for declaratory judgment under the state statute. Alternatively, supplemental jurisdiction exists over this claim pursuant to 28 U.S.C. § 1367 because it "arise[s] out of a common nucleus of operative facts with a substantial federal claim[,]" as described in this Notice of Removal. *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006).

8

## IV. REMOVAL IS PROPER

21. Sprint and T-Mobile were both served with process on September 3, 2014. This Notice was filed within thirty days of the date of service of the Complaint, and therefore is timely filed. 28 U.S.C. § 1446(b). In accordance with 28 U.S.C. § 1446(a), true and accurate copies of all process, pleadings, and orders served, filed, or entered in the State Court Action as of the date of this filing are attached hereto as Exhibit "A."

22. Venue is proper in this Court pursuant to 28 U.S.C. §§ 89(c) and 1441(a) because the United States District Court for the Southern District of Florida is a federal judicial district embracing the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, where Plaintiff originally filed this suit.

23. In accordance with 28 U.S.C. § 1446(d), Defendants have filed this Notice with this Court, are serving a copy of this Notice upon counsel for all parties, and are filing a copy in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit "B."

For the foregoing reasons and on the authorities cited, Defendants file this Notice of Removal and remove this civil action from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, to the United States District Court for the Southern District of Florida. Plaintiff is hereby notified to proceed no further in state court.

Joint Notice of Removal respectfully submitted this 3rd day of October, 2014.

By: *s/ Beth-Ann Krimsky*
BETH-ANN E. KRIMSKY (Fla. Bar. No. 968412)
beth-ann.krimsky@gmlaw.com
**GREENSPOON MARDER P.A.**
200 E. Broward Blvd. Suite 1800
Fort Lauderdale, FL 33301
Telephone: (954) 527-2427
Facsimile: (954) 333-4027

*Counsel for Defendant Sprint Spectrum, L.P.*

By: *s/ Kristy Brown (by BK with permission)*
KRISTINE MCALISTER BROWN (Fla. Bar No. 433640)
kristy.brown@alston.com
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

*Counsel for Defendant T-Mobile USA, Inc.*

*Of Counsel for Defendant Sprint Spectrum, L.P.:*

JOHN ROCHE (*Pro Hac Vice Application Forthcoming*)
JRoche@perkinscoie.com
**PERKINS COIE LLP**
700 Thirteenth Street, N.W. Suite 600
Washington, DC 20005-3960
Telephone: (202) 434-1627
Facsimile: (202) 654-6211

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| THE GEO GROUP, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SPRINT SPECTRUM, LP, and )<br>T-MOBILE USA, INC., )<br>)<br>Defendants. ) | CASE NO. _____ |

## CERTIFICATE OF SERVICE

I HERBEY CERTIFY that a copy of the foregoing DEFENDANTS SPRINT SPECTRUM, L.P. AND T-MOBILE USA, INC.'S JOINT NOTICE OF REMOVAL was electronically filed with the Clerk of the Court by using the CM/ECF system on October 3, 2014. I also certify that the foregoing document is being served this day on all parties identified below via U.S. Mail:

> Honorable Thomas Barkdull III
> Fifteenth Judicial Circuit of Florida
> Palm Beach County
> State of Florida
> 205 N. Dixie Highway
> West Palm Beach, FL 33401
>
> Clerk of the Court, 15th Judicial Circuit of Florida (also via FedEx)
>
> Cheryl L. Wilke
> Gary D. Farmer
> Hinshaw & Culbertson LLP
> One East Broward Blvd., Suite 1010
> Ft. Lauderdale, FL 33301

On this 3rd day of October, 2014.

By: *s/ Beth-Ann Krimsky*
Beth-Ann E. Krimsky